# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 14-50299
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2014

Lyle W. Cayce
Clerk

D.C. Docket No. 1:13-CR-485

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER MICHAEL HORNYAK, also known as Christopher Hornyak,

Defendant - Appellant

**FILED**

JAN 2 1 2015

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

Appeal from the United States District Court for the
Western District of Texas, Austin

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



Certified as a true copy and issued
as the mandate on **Jan 21, 2015**

Attest: *Lyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50299
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER MICHAEL HORNYAK, also known as Christopher Hornyak,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-485

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Christopher Michael Hornyak appeals from his conviction of possession of a firearm by a convicted felon. He contends that his conviction of evading arrest or detention using a motor vehicle under section 38.04 of the Texas Penal Code did not qualify as a violent felony for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He further contends that the residual clause of the ACCA, which provides that an offense qualifies as a violent felony

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

if it "involves conduct that presents a serious potential risk of physical injury to another," § 924(e)(2)(B)(ii), is unconstitutionally vague and should be found void for vagueness. Hornyak concedes that his arguments are foreclosed, but he raises them to preserve them for further review, and he requests reexamination of *United States v. Harrimon*, 568 F.3d 531 (5th Cir. 2009), in which we held that a conviction under § 38.04 qualifies as a violent felony, in light of *Sykes v. United States,* 131 S. Ct. 2267 (2011). The Government moves for summary affirmance of Hornyak's conviction, as all of his contentions are foreclosed.

In *Harrimon,* we held that a § 38.04(b)(1) offense is a violent felony under the ACCA because "fleeing by vehicle poses a serious risk of injury to others." *Harrimon,* 568 F.3d at 532-33, 536 (considering substantively identical version of § 38.04 to that at issue in this case). We have held in several unpublished opinions that *Sykes* validated our decision in *Harrimon. See United States v. Spann,* 562 F. App'x 237, 238 (5th Cir.), *cert. denied,* 135 S. Ct. 220 (2014); *United States v. Hoover,* 548 F. App'x 300, 301 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 1804 (2014); *United States v. Standberry,* 546 F. App'x 381, 382 (5th Cir. 2013); *United States v. McCullough,* 475 F. App'x 983, 983 (5th Cir. 2012); *United States v. Williams,* 466 F. App'x 390, 391 (5th Cir. 2012); *United States v. Tubbs,* 446 F. App'x 705, 706 (5th Cir. 2011). We also have rejected the arguments that the Texas statute for evading arrest with a vehicle is not a violent felony because it can be committed by fleeing in any vehicle, not just a motor vehicle, and that *Sykes* overruled *Harrimon* because it emphasized the use of a motor vehicle. *See Spann,* 562 F. App'x at 238; *Standberry,* 546 F. App'x at 382. Moreover, we have rejected the argument that the Texas offense of evading arrest might not constitute a violent felony because Texas law imposes different penalties based on the degree of risk posed by a defendant's

No. 14-50299

conduct. *See United States v. Holston,* 471 F. App'x 308, 309 (5th Cir. 2012); *United States v. Whitfield,* 451 F. App'x 415, 416 (5th Cir. 2011). Finally, the Supreme Court has rejected the argument that the residual clause of the ACCA is unconstitutionally vague. *United States v. Gore,* 636 F.3d 728, 742 (5th Cir. 2011) (citing *James v. United States,* 550 U.S. 192, 210 n.6 (2007)).

"It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Hornyak's contentions thus are foreclosed.

AFFIRMED. Motion for summary affirmance GRANTED. Motion for extension of time to file a brief DENIED.

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

January 21, 2015

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

     No. 14-50299    USA v. Christopher Hornyak
              USDC No. 1:13-CR-485-1

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

                  Sincerely,

                  LYLE W. CAYCE, Clerk

                  By: _____
                  Shawn D. Henderson, Deputy Clerk
                  504-310-7668

cc w/encl:
    Mr. William Jack Browning
    Mr. Joseph H. Gay Jr.